IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHATETON D. DAVIS, | No. 2:24-CV-0648-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| I. BECKHAM, et al., | |
| Defendants. | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

   The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply,

concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff initiated this action with a pro se complaint filed on February 28, 2024. See ECF No. 1. Plaintiff names the following as defendants: (1) Captain – Hobbs; (2) Sergeant – Beckham; and (3) Psychologist – Ms. Wallace. See Id. at 2. All defendants are alleged to be current or former prison officials at Mule Creek State Prison. See id. at 1. Plaintiff presents one claim for relief.

Plaintiff states that the claim relates to violations of the Eighth Amendment. See id. at 3. Plaintiff alleges that, in October 2023, the Program Captain on A-Yard – Hobbs – made a recommendation that the E.O.P. [Enhanced Outpatient] inmates that are housed in Building 5 (E.O.P. Programing Unit) be removed to Building 2 after being placed on "C-status." See id. Plaintiff claims that, after being moved to Building 2, he was heckled and intimidated by officers and inmates resulting in high stress situations which caused Plaintiff to have anxiety, fear, and paranoia. See id. Plaintiff claims that he is in need of medical professionals to "help in communicating feelings or needs to staff." Plaintiff claims he was called names, such as "T-cat, lame, retard." Id.

Plaintiff asserts that he is currently housed in a unit that does not fit his enhanced outpatient level of care. See id. at 4 and 5. Plaintiff reiterates that the-name calling, heckling, stress, and threats to his safety and health were enabled by Captain Hobbs. See id. at 5.

/ / /

/ / /

## II. DISCUSSION

The Court finds that Plaintiff's complaint suffers a number of defects. First, as to Plaintiff's claims against Defendant Hobbs, Plaintiff has not alleged sufficient facts to establish a claim based on harassment, threat to safety, or transfer to Building 2. Second, as to the remaining defendants named in the complaint, Plaintiff has not alleged any facts to establish a causal link to a violation of Plaintiff's rights.

### A. **Defendant Hobbs**

Plaintiff appears to assert three claims against Defendant Hobbs. First, Plaintiff alleges that Defendant Hobbs improperly transferred Plaintiff from Building 5 to Building 2. Second, Plaintiff alleges that Defendant Hobbs is responsible for verbal harassment Plaintiff experienced in Building 2. Third, Plaintiff asserts that Defendant Hobbs was deliberately indifferent to a safety risk in Building 2. As explained below, the Court finds that Plaintiff has failed to state a cognizable claim under any of these theories.

#### 1. Placement in Building 2

Plaintiff generally alleges that his placement in Building 2 by Defendant Hobbs violated California prison regulations. This allegation fails to state a cognizable federal claim.

Prisoners have no liberty interest in their classification status or in their eligibility for rehabilitative programs. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007); Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998); Duffy v. Riveland, 98 F.3d 447, 457 (9th Cir. 1996); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987). Prisoners also have no liberty interest in avoiding being transferred to another prison. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225-27 (1976); United States v. Brown, 59 F.3d 102, 105 (9th Cir. 1995) (per curiam); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam); Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989).

///

///

///

While prisoners retain a First Amendment right to be free from retaliatory transfers, see Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995); Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985), Plaintiff has not alleged that his transfer from Building 5 to Building 2 was retaliatory.

To the extent Plaintiff's claim is based on a violation of state law, Plaintiff has not alleged compliance with the Government Claims Act, which is required to plead such claims. See State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1240, 1237 (2004) (for claims against the State, timely presentation of a claim under the Government Claims Act is an element of the cause of action and must be pled in the complaint); see also Cal. Gov't Code § 900.6 (defining "State" as "the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller").

Plaintiff asserts a violation of California regulatory law related to his transfer to Building 2 but fails to plead compliance with the California Tort Claims Act. Plaintiff is informed that before he may proceed on a claim arising under California law in this Court he must comply with the terms of the California Tort Claims Act, and then plead compliance. See Cal. Gov't Code § 910 et seq.; Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d. 1470, 1477 (9th Cir. 1995). Complaints must present facts demonstrating compliance, rather than simply state conclusions suggesting as much. Shirk v. Vista Unified School Dist., 42 Cal.4th 201, 209 (2007).

Plaintiff will be provided an opportunity to amend consistent with the principles outlined above.

2.  Harassment

Plaintiff alleges that name-calling, threats, and harassment were "enabled" by Defendant Hobbs.

While "the Ninth Circuit has recognized that sexual harassment may constitute a cognizable claim for an Eighth Amendment violation, the court has specifically differentiated between sexual harassment that involves verbal abuse and that which involves allegations of physical assault, finding the later to be in violation of the [C]onstitution." Minifield v. Butikofer, 298 F. Supp. 2d 900, 904 (N.D. Cal. 2004) (citing Schwenk v. Hartford, 204 F.3d 1187, 1198 (9th

Cir. 2000). Likewise, allegations of verbal harassment generally do not state a claim under the Eighth Amendment. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). However, "[v]erbal harassment may violate the Constitution when it is 'unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage.'" Cox v. Kernan, 2019 WL 6840136, *5 (E.D. Cal. Dec. 16, 2019) (quoting Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996)). Allegations of name-calling, verbal abuse, or threats generally are not considered unusually gross for a prison setting. See Carpenter v. Molina, 2021 WL 2226635, at *3 (E.D. Cal. June 2, 2021). Thus, a defendant's threats to kill or harm a plaintiff are insufficient, without more, to give rise to a cognizable verbal harassment claim. See Bailey v. Soto, 2019 WL 4452970, at *7-9 (C.D. Cal. July 10, 2019).

Here, without knowing the nature of the alleged harassment, specifically what was said to Plaintiff and by whom, the Court cannot find that Plaintiff has stated a cognizable claim against Defendant Hobbs. Plaintiff will be provided an opportunity to amend.

       3.    Safety

Plaintiff claims that Defendant Hobbs' conduct resulted in a risk to Plaintiff's safety.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

1  inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison

2  official must have a "sufficiently culpable mind."  See id.

3        Under these principles, prison officials have a duty to take reasonable steps to

4  protect inmates from physical abuse.  See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir.

5  1982); Farmer, 511 U.S. at 833.  Liability exists only when two requirements are met: (1)

6  objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious

7  harm; and (2) subjectively, prison officials knew of and disregarded the risk.  See Farmer, 511

8  U.S. at 837.  The very obviousness of the risk may suffice to establish the knowledge element.

9  See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).  Prison officials are not liable,

10  however, if evidence is presented that they lacked knowledge of a safety risk.  See Farmer, 511

11  U.S. at 844.  The knowledge element does not require that the plaintiff prove that prison officials

12  know for a certainty that the inmate's safety is in danger, but it requires proof of more than a

13  mere suspicion of danger.  See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).  Finally, the

14  plaintiff must show that prison officials disregarded a risk.  Thus, where prison officials actually

15  knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk,

16  even if harm ultimately was not averted.  See Farmer, 511 U.S. at 844.

17        Here, Plaintiff has not alleged facts to show how being housed in Building 2

18  resulted in an objective risk of harm to Plaintiff of which Defendant Hobbs was aware.  Again,

19  Plaintiff will be provided leave to amend.

20        **B.**    **Remaining Defendants**

21        To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

22  connection or link between the actions of the named defendants and the alleged deprivations.  See

23  Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

24  person 'subjects' another to the deprivation of a constitutional right, within the meaning of

25  § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform

26  an act which he is legally required to do that causes the deprivation of which complaint is made."

27  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations

28  concerning the involvement of official personnel in civil rights violations are not sufficient.  See

Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Defendant Hobbs is the only of the four named defendants who is mentioned in the summary of facts contained within the complaint. Plaintiff will be provided leave to amend to allege facts specific to the remaining named defendants and how each caused or contributed to a violation of Plaintiff's constitutional or statutory rights.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

///

///

///

   Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

   Accordingly, IT IS HEREBY ORDERED as follows:

   1. Plaintiff's original complaint is dismissed with leave to amend.

   2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

**Dated: June 5, 2024**

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE