1

2

3

4

5

6

7

8                  **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   CHATETON D. DAVIS,                    No.  2:24-CV-0648-DMC-P

12              Plaintiff,

13        v.                               <u>ORDER</u>

14   I. BECKHAM, et al.,

15              Defendants.

16

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the Court is Plaintiff's first amended complaint, ECF No. 10.

19            The Court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21   § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was

22   initiated even if the litigant was subsequently released from custody.  <u>See</u> <u>Olivas v. Nevada ex rel.</u>

23   <u>Dep't of Corr.</u>, 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or

24   portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can

25   be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  <u>See</u>

26   28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that

27   complaints contain a ". . . short and plain statement of the claim showing that the pleader is

28   entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply,

concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  <u>See</u> <u>Kimes v. Stone</u>, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

As with the original complaint, Plaintiff names the following as defendants: (1) Captain – Hobbs; (2) Sergeant – Beckham; and (3) Psychologist – Ms. Wallace. <u>See</u> ECF No. 10, pg. 2.  Defendants Hobbs and Beckham are alleged to be prison officials at Mule Creek State Prison.  <u>See</u> <u>id.</u>  Defendant Wallace is alleged to be a "non-correctional" prison psychologist.  <u>See</u> <u>id.</u>  Plaintiff presents three claims for relief.

Claim I

Plaintiff alleges he is a participant in the prison's mental health delivery system Enhanced Outpatient Program (EOP).  <u>See</u> <u>id.</u> at 3.  On an unspecified date, Plaintiff was informed that he was being placed on "C-Status" and would be transferred out of his cell in what Plaintiff calls the "mental health housing unit" to a different building, Building #2.  <u>Id.</u>  Plaintiff states that he was concerned about this placement because he had heard that Building #2 had been used during the COVID-19 outbreak and never properly cleaned.  <u>See</u> <u>id.</u>  Plaintiff alleges that "Hobbs allowed and put I/M DAVIS health and welfare at risk. . . ."  <u>Id.</u>  Plaintiff states that he was forced to leave a sanitary cell and move to a building which had housed sick people during the pandemic.  <u>See</u> <u>id.</u>

/ / /
/ / /
/ / /
/ / /

2

<u>Claim II</u>

Plaintiff claims that Defendant Beckham "did not inform or alert mental health personnel before forcing the plaintiff I/M property to be confiscated and removed from the mental health treatment program."  Plaintiff states this caused a delay in distribution of prescribed medication, through he does not explain how.  <u>See id.</u> at 4.

Without further elaboration or reference to any named defendant, Plaintiff next claims that he his need for medical care was ignored.  <u>See id.</u>

Next, Plaintiff states that he was moved to a cell where he was denied outside recreation, and only allowed indoor recreation 30 minutes a day when he was taken to the prison gym.  <u>See id.</u>  He also states he was denied a telephone, television, fans, and "other prison services. . . ."  <u>Id.</u>

<u>Claim III</u>

Finally, Plaintiff claims that Defendant Wallace, who is a prison psychologist, failed to intervene when Plaintiff was "placed in . . . extreme isolation" in a cell not located within the designated unit for EOP inmates.  <u>See id.</u> at 5.

## II.  DISCUSSION

For the reasons discussed below, the Court finds that Plaintiff's first amended complaint does not state a claim against any of the three named defendants.

### A.   <u>**Defendant Hobbs**</u>

The only allegation as to Defendant Hobbs is that he allowed Plaintiff's health to be put at risk.  This allegation suggests an Eighth Amendment safety claim.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.   <u>See</u> <u>Helling v. McKinney</u>, 509 U.S. 25, 31 (1993); <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." <u>Estelle v. Gamble</u>, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  <u>See Rhodes v.</u>

1    Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

2    "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy,

3    801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when

4    two requirements are met: (1) objectively, the official's act or omission must be so serious such

5    that it results in the denial of the minimal civilized measure of life's necessities; and (2)

6    subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

7    inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison

8    official must have a "sufficiently culpable mind."  See id.

9            Under these principles, prison officials have a duty to take reasonable steps to

10   protect inmates from harm.  See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982);

11   Farmer, 511 U.S. at 833.  Liability exists only when two requirements are met: (1) objectively,

12   the prisoner was incarcerated under conditions presenting a substantial risk of serious harm; and

13   (2) subjectively, prison officials knew of and disregarded the risk.  See Farmer, 511 U.S. at 837.

14   The very obviousness of the risk may suffice to establish the knowledge element.  See Wallis v.

15   Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).  Prison officials are not liable, however, if evidence

16   is presented that they lacked knowledge of a safety risk.  See Farmer, 511 U.S. at 844.  The

17   knowledge element does not require that the plaintiff prove that prison officials know for a

18   certainty that the inmate's safety is in danger, but it requires proof of more than a mere suspicion

19   of danger.  See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).  Finally, the plaintiff must

20   show that prison officials disregarded a risk.  Thus, where prison officials actually knew of a

21   substantial risk, they are not liable if they took reasonable steps to respond to the risk, even if

22   harm ultimately was not averted.  See Farmer, 511 U.S. at 844.

23           To the extent Plaintiff claims his health was put at risk by being moved to

24   Building #2, a location where COVID-19 positive inmates had at one point been housed and

25   which Plaintiff claims has not been properly cleaned, there are no facts alleged to indicate that

26   Building #2 posed a serious health risk at the time Plaintiff was moved, or if it did, that Defendant

27   Hobbs knew Building #2 posed a serious risk.  Thus, Plaintiff fails to state an Eighth Amendment

28   deliberate indifference claim against Hobbs.

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**B.     Defendant Beckham**

Plaintiff claims Defendant Beckham did not inform mental health personnel before confiscating Plaintiff's property.  Without explanation, Plaintiff states this caused a delay in receiving medication.  To the extent Plaintiff is complaining about confiscated property, he cannot state a claim.  To the extent Plaintiff is alleging a medical deliberate indifference claim based on delay in receiving medication, the facts alleged are insufficient.

1.     Confiscation of Property

Where a prisoner alleges the deprivation of a liberty or property interest caused by the random and unauthorized action of a prison official, there is no claim cognizable under 42 U.S.C. § 1983 if the state provides an adequate post-deprivation remedy.  See Zinerman v. Burch, 494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984).  A state's post-deprivation remedy may be adequate even though it does not provide relief identical to that available under § 1983.  See Hudson, 468 U.S. at 531 n.11.  A due process claim is not barred, however, where the deprivation is foreseeable, and the state can therefore be reasonably expected to make pre-deprivation process available.  See Zinerman, 494 U.S. at 136-39.   An available state common law tort claim procedure to recover the value of property is an adequate remedy. See id. at 128-29.

Here, it is possible Plaintiff is attempting to raise a claim based on confiscation of property when he was moved to Building #2.  Plaintiff fails to state a claim because the State of California provides a tort claims process as an adequate post-deprivation remedy.

2.     Delay in Receiving Medication

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled

5

1   on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see

2   also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Delay in providing medical

3   treatment, or interference with medical treatment, may also constitute deliberate indifference.  See

4   Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).  Where delay is alleged,

5   however, the prisoner must also demonstrate that the delay led to further injury.  See McGuckin,

6   974 F.2d at 1060.

7          If Plaintiff is presenting a medical deliberate indifference claim based on delay, the

8   claim fails for two reasons.  First, Plaintiff has not alleged facts to show the existence of a serious

9   medical condition for which medical was prescribed.  Second, Plaintiff has not alleged facts to

10  show that any delay in receiving medication resulted in further injury.

11         **C.      Defendant Wallace**

12         Plaintiff claims Defendant Wallace, who is identified as a "non-correctional"

13  psychologist, failed to intervene when Plaintiff was placed in a cell in isolation and outside of the

14  area designated for EOP inmates.  This allegation suggests an Eighth Amendment medical

15  deliberate indifference claim related to Plaintiff's mental health.

16         As explained above, a medical deliberate indifference claims requires a showing

17  that the plaintiff suffers from a serious medical condition.  Here, to the extent Plaintiff claims

18  Wallace was deliberately indifferent, such a claim fails because Plaintiff has not alleged facts

19  showing that he has a serious medical condition which Wallace ignored.

20

21         **III.  CONCLUSION**

22         Because it is possible that the deficiencies identified in this order may be cured by

23  amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire

24  action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

25  informed that, as a general rule, an amended complaint supersedes the original complaint.  See

26  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

27  amend, all claims alleged in the original complaint which are not alleged in the amended

28  complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

1  Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make

2  Plaintiff's amended complaint complete.  <u>See</u> Local Rule 220.  An amended complaint must be

3  complete in itself without reference to any prior pleading.  <u>See</u> <u>id.</u>

4          If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

5  conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  <u>See</u>

6  <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

7  each named defendant is involved and must set forth some affirmative link or connection between

8  each defendant's actions and the claimed deprivation.  <u>See</u> <u>May v. Enomoto</u>, 633 F.2d 164, 167

9  (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

10          Finally, Plaintiff is warned that failure to file an amended complaint within the

11  time provided in this order may be grounds for dismissal of this action.  <u>See</u> <u>Ferdik</u>, 963 F.2d at

12  1260-61; <u>see also</u> Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

13  with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

14  <u>See</u> <u>Nevijel v. North Coast Life Ins. Co.</u>, 651 F.2d 671, 673 (9th Cir. 1981).

15          Accordingly, IT IS HEREBY ORDERED as follows:

16          1.      Plaintiff's first amended complaint is dismissed with leave to amend.

17          2.      Plaintiff shall file a second amended complaint within 30 days of the date

18  of service of this order.

19

20  **Dated:  August 27, 2024**

21                                                  _____

22                                                  DENNIS M. COTA
                                                    UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

                                        7